IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM A. FABISESKI,<br>Plaintiff | : | CIVIL NO. 3:CV-05-0810 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CHIEF ELLIOTT, et al.,<br>Defendants | : | |
| | : | |

## MEMORANDUM AND ORDER

Plaintiff, William A. Fabiseski, brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are City of Scranton Police Chief David Elliot and City of Scranton police officers Patrick Gilman ("Gilman"), Ronald Alongi ("Alongi"), and Robert McKeon ("McKeon") (collectively referred to as the "City of Scranton" defendants). Also named is Pennsylvania State Police Corporal Joseph Sarkis ("Sarkis"). Presently pending are defendants' motions to dismiss (Docs. 18, 29-1) plaintiff's amended complaint. (Doc. 9). For the reasons set forth below, the motions will be granted in part and denied in part.

Before reaching the merits of the motions, the court notes that in his answer to the City of Scranton defendants' motion to dismiss, plaintiff "requests that all claims against Chief Elliot be dismissed and Chief Elliot be released as a defendant in this action." (Doc. 21, p. 1). The complaint against Chief Elliot will therefore be dismissed with prejudice. See FED. R. CIV. P. 41(a)(2).

### I. Allegations of the amended complaint

Plaintiff alleges that on April 23, 2003, officer Gilman used unnecessary force in

shooting him twice during the course of an arrest, and that officers Gilman, Alongi, McKeon and Sarkis, conspired to cover up the fact that plaintiff was "shot wrongfully." (Doc. 9, p. 3, ¶ 19). He further contends that Gilman, Alongi and McKeon made false sworn statements to cover up the shooting.

Plaintiff also alleges that during a conversation between him and Sarkis at the Lackawanna County Prison holding cell, Sarkis stated "I know you didn't try to run anyone over, but what do you want me to do? Its [sic] three cops word against yours. I will make sure we drop the aggravated assault charge. I can't help you with the rest because Scranton has control over those." (Doc. 9, p. 3, ¶ 18).

He claims that the City of Scranton defendants violated his Fourth, Eighth, and Fourteenth Amendment rights and that Sarkis' conduct violated the Eighth and Fourteenth Amendments. (Doc. 9, pp. 4-5, ¶ 29, ¶32). He also avers that the defendant Gilman's conduct constituted an assault and battery, negligence, strict liability and infliction of emotional distress in violation of state laws. (Doc. 9, p. 4, ¶ 30).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver,

82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1224 (1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." <u>Langford</u>, 235 F.3d at 847. The court must grant leave to amend before dismissing a complaint that is merely deficient. See <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. <u>Discussion</u>

*A. Motion of City of Scranton defendants*

Defendants seek to dismiss the Eighth Amendment claim against Gilman. (Doc. 9, p. 5 ¶ A.1). Inasmuch as plaintiff seeks to impose liability under the Eighth Amendment for the

3

excessive use of force, this claim is subject to dismissal because plaintiff was a pretrial detainee at the time, and the Eighth Amendment does not apply to pretrial detainees. See Inmates of Allegheny County Jail v. Pierce, 612 F. 2d 754, 762 ( 3d Cir. 1979). However, plaintiff's excessive use of force claim will proceed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386 (1989).

Dismissal of the equal protection claim is also sought. The Equal Protection Clause of the Fourteenth Amendment requires all persons "similarly situated" to be treated alike by state actors. See City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985). The amended complaint is void of any allegations that plaintiff was treated differently than a similarly situated person. The equal protection claim will be dismissed.

Plaintiff's conspiracy claim will also be dismissed. In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area VocationalTechnical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). "To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989); Rose, 871 F.2d at 366.

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. A plaintiff must therefore allege

4

with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Id.; Rose, 871 F.2d at 366; Young v. Kann, 926 F.2d 1396, 1405 n.16; Chicarelli v. Plymouth GardenApartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young, 926 F.2d at 1405 n.16.

Viewing the complaint in a light most favorable to plaintiff, he has nevertheless failed to state a viable conspiracy claim against the City of Scranton defendants. Without any factual support, plaintiff alleges that the City of Scranton defendants violated his Fourteenth Amendment rights to due process and equal protection when they conspired with one another, and with defendant Sarkis, to make false statements in an effort to cover up the shooting. This is insufficient. Defendants' motion will be granted on the conspiracy claim.

We now turn to the state law claims against Defendant Gilman. Plaintiff sues Gilman in his official and individual capacity. Defendants argue that these claims are barred by the Pennsylvania Political Subdivision Tort Claims Act ("PPSTCA"). While the City of Scranton Police Department is not named in the amended complaint, claims against officers in their official capacity are the same as a claim against the police departments. Pursuant to the PPSTCA, local governmental agencies are immune from claims for monetary damages,

except for eight narrowly construed exceptions to immunity, none of which apply here. 42 PA.CONS.STAT.§ 8542(b) (specifying that liability may be imposed upon the local agency for damages resulting from the following acts: the operation of a motor vehicle; the care or custody of personal or real property of others in the possession of the agency; dangerous conditions resulting from utility service facilities; dangerous condition of streets and sidewalks; and the care or custody of animals in the possession of the agency). Plaintiff fails to plead any negligence-based tort claims against the Scranton Police Department that might fall within the enumerated exceptions. Rather, plaintiff alleges torts of the kind expressly barred under the PPSTCA. Accordingly, plaintiff's state claims against defendant Gilman in his official capacity must be dismissed.

Plaintiff also seeks to impose liability against Gilman in his individual capacity. Individual defendants are also immune from liability for acts within the scope of their employment, to the same extent as their employing agency, unless their conduct amounts to a crime, actual fraud, actual malice, or willful misconduct. 42 PA.CONS.STAT. §§ 8550 and 8545; Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 600-601 (3d Cir.1998).

Plaintiff alleges that defendant Gilman committed assault and battery, negligence, strict liability and infliction of emotional distress when he shot him unnecessarily. The Court liberally construes plaintiff's allegations to allege wilful misconduct. Under Pennsylvania law, wilful misconduct is synonymous with "intentional tort." See Renk v. City of Pittsburgh, 641 A.2d 289, 291-92 ( Pa. 1994). When the actors in question are police officers, the

Pennsylvania Supreme Court has applied a stringent standard for willful misconduct. See Renk, 641 A.2d at 293-94; see also Maiale v. Youse, Civ. A. No. 03-5450, 2004 WL 1925004, at *11 ( E. D. Pa. Aug. 27, 2004). "This standard requires not only that the police officer intended to commit the acts that he is accused of carrying out, but also that the officer understood that the actions he intended to take were illegal and chose to take the actions anyway." Maiale, 2004 WL 1925004, at *11; accord In re City of Philadelphia Litigation, 938 F.Supp. 1264, 1272 (E.D. Pa.1996) ("In short, what is called for to demonstrate willful misconduct is not merely a showing of the use of excessive force to effectuate an arrest but a showing that the person who used excessive force not only intended to use that force but did so knowing that the force he was intentionally using was excessive and that he went ahead and used that excessive force anyhow.").

Based on the above, the only state law claim alleged by plaintiff which precludes immunity under the PPSTCA is assault and battery.[1] Although a police officer may use such force as is necessary under the circumstances to effectuate a lawful arrest, an unreasonable or excessive amount of force may constitute an assault and battery. See Renk, 641 A.2d at 293-94. Pennsylvania courts define assault as "'an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person.'" Renk, 641 A.2d at 293, quoting Cohen v. Lit Brothers, 166 Pa.Super. 206, 70 A.2d 419, 421 (1950).

---

[1]Negligence, strict liability and infliction of emotional distress do not involve wilful misconduct.

This claim will proceed against defendant Gilman in his individual capacity. However, the remaining state law claims will be dismissed.

### B. Defendant Sarkis

Sarkis argues that the Eighth Amendment claim against him is subject to dismissal. The court agrees. As noted above, plaintiff was a pretrial detainee at the time and the Eighth Amendment does not apply to pretrial detainees. See Inmates of Allegheny County Jail v. Pierce, 612 F. 2d 754, 762 ( 3d Cir. 1979).

The remaining claim that Sarkis violated plaintiff's Fourteenth Amendment rights to equal protection and due process in conspiring with defendants Gilman, McKeon, and Alongi to cover up the shooting will be dismissed. As discussed at length above, plaintiff's conclusory allegations that Sarkis conspired with other police officers to make false statements to cover up a shooting, thereby violating his Fourteenth Amendment rights to due process and equal protection is insufficient to state a conspiracy claim. Moreover, the holding cell conversation between plaintiff and Sarkis is contraindicative of Sarkis' involvement in a conspiracy with the City of Scranton defendants. (Doc. 9, p. 3).

An appropriate order will issue

Dated: February 17th, 2006

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM A. FABISESKI, : CIVIL NO. 3:CV-05-0810
    Plaintiff :
: (Judge Munley)
v. :
:
CHIEF ELLIOTT, et al., :
    Defendants :

ORDER

AND NOW, to wit, this 17th day of February 2006, upon consideration of defendants' motions to dismiss (Docs. 18, 29-1), and in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED** that:

1. The complaint against defendant Elliot is **DISMISSED** with prejudice. See FED. R. CIV. P. 41(a)(2). The Clerk of Court is directed to **TERMINATE** this defendant on the docket sheet.

2. The City of Scranton defendants' motion to dismiss (Doc. 18) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a). The motion is **GRANTED** as follows:

        i. The Eighth Amendment and Fourteenth Amendment equal protection claims are dismissed;

        ii. The state law claims of negligence, strict liability and infliction of emotional distress are dismissed in their entirety;

        iii. The state law claim of assault and battery against Alongi and McKeon is dismissed; and

        iii. The state law claim of assault and battery against Gilman in his official capacity is dismissed.

b). The motion is **DENIED** as follows:

> i. The Fourth Amendment excessive use of force claim, and the Fourteenth Amendment due process claim will proceed; and
>
> ii. The state law claim of assault and battery against Gilman in his individual capacity will proceed.

3. The City of Scranton defendants shall file an answer within twenty days of the date of this order.

4. Defendant Sarkis' motion to dismiss (Doc. 29-1) is **GRANTED**. The Clerk of Court is directed to **TERMINATE** this defendant on the docket sheet.

BY THE COURT:

/s/ JUDGE JAMES M. MUNLEY
United States District Court